UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

Kim Jenkins and Wayne Jenkins,

                Plaintiffs,

    v.

Office Depot, LLC, *et al.*,

                Defendants.

Case No.: 2:22-cv-00659-CDS-NJK

**Order Granting Motion to Remand**

(ECF No. 8)

This is a personal injury action that initially commenced in the Eighth Judicial District Court of Clark County, Nevada on March 21, 2022.First Amended Complaint, ECF No. 1, Ex. A. One month later, Defendants filed a petition of removal, asserting that this Court has diversity jurisdiction over the action pursuant to 28 U.S.C. § 1332(a). *See generally* ECF No. 1. On May 3, 2022, Plaintiffs filed a timely motion to remand. ECF No. 8. The deadline to respond to that motion was May 17, 2022. *See* LR 7-2 (the deadline to file and serve any points and authorities in response to a motion is 14 days after service of the motion). Without leave of Court, Defendants filed an untimely opposition on May 24, 2022. ECF No. 10. Local Rule 7-2(d) provides that the "failure of an opposing party to file points and authorities in response to any motion, except a motion under Fed. R. Civ. P. 56 or a motion for attorney's fees, constitutes a consent to the granting of the motion." LR 7-2(d). Accordingly, the Court may disregard Defendants' untimely response. *See Brown v. Bechtel Nevada Corp.*, 2013 WL 663039, at *2 (D. Nev. Feb. 21, 2013) (finding the court need not consider defendant's untimely response). Plaintiffs filed a reply on May 26, 2022. ECF No. 11.

While the Court could disregard Defendants' untimely response, it elects not to do so to resolve this Motion on the merits.[1]

Having considered the moving papers, the Court hereby GRANTS Plaintiffs' Motion to Remand (ECF No. 8).

I.      Legal Framework

"Federal courts are courts of limited jurisdiction, possessing 'only that power authorized by Constitution and statute.'" *See* U.S. Const. art. III, § 2, cl. 1; *Gunn v. Minton*, 568 U.S. 251, 256 (2013) (quoting *Kokkonen v. Guardian Life Ins. Co. of America*, 511 U.S. 375, 377 (1994)).

When initiating a case, "[a] plaintiff is the master of [their] complaint, and has the choice of pleading claims for relief under state or federal law (or both)." *Hansen v. Grp. Health Coop.*, 902 F.3d 1051, 1056 (9th Cir. 2018) (citing *Caterpillar Inc. v. Williams*, 482 U.S. 386, 389-99 (1987)). Generally, plaintiffs are entitled to deference in their choice of forum. *Ayco Farms, Inc. v. Ochoa*, 862 F.3d 945, 949-50 (9th Cir. 2017).

However, Congress has enacted statutes that permit parties to remove cases originally filed in state court to federal court. 28 U.S.C. § 1441. Subject to certain requirements and limitations, a defendant generally may remove a case from state court to federal court where the case presents either diversity or federal question jurisdiction. 28 U.S.C. § 1441(a)–(c). Relevant to this motion, diversity jurisdiction requires that (1) all plaintiffs be of different citizenship than all defendants, and (2) the amount in controversy exceed $75,000. *See* 28 U.S.C. § 1332(a). A plaintiff may challenge removal by timely filing a motion to remand. 28 U.S.C. § 1447(c). On a motion to remand, the removing defendant must overcome the "strong presumption against removal jurisdiction" and establish that removal is proper. *Hunter v. Philip Morris USA*, 582 F.3d

---

[1]     Defendants are reminded that untimely filings are disallowed by the local rules.

1039, 1042 (9th Cir. 2009) (quoting *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992)). Due to this strong presumption against removal jurisdiction, the court resolves all ambiguity in favor of remand to state court. *Gaus*, 980 F.2d at 566. A defendant always has the burden of establishing that removal is proper. *Id.*

Pursuant to 28 U.S.C. § 1441(b)(1), "the citizenship of defendants sued under fictitious names shall be disregarded" when determining if a civil action is removable. 28 U.S.C. § 1441(b)(1). Stated otherwise, only named defendants are considered in determining diversity of citizenship. *See Newcomb v. Adolph Coors Co.*, 157 F.3d 686, 690–91 (9th Cir. 1998).

**II.     Analysis**

Plaintiffs move this Court to remand this action to state court, arguing that removal was improper because complete diversity of citizenship does not exist. ECF No. 8 at 2. Specifically, Plaintiffs argue that diversity is defeated because the complaint names two "Doe" defendants who were employees of Office Depot at the time of the allegations set forth in the complaint, and further are alleged to be citizens of Clark County, Nevada. *Id.* at 2-3. Plaintiff describes the Doe defendants with some specificity in the complaint. *See* ECF No. 1-3 at ¶¶ 5, 6, 7, and 17.

Defendants argue that removal was proper based on the plain language of 28 U.S.C. § 1441(b)(1) which requires that the citizenship of fictious defendants be disregarded. *See generally* ECF No. 10. Accordingly, defendants ask this court to deny the motion for remand. *Id.*

The issue of how to address "Doe" defendants for diversity jurisdiction purposes remains at issue in the Ninth Circuit, even after the 34 years since the passage of the Judicial Improvements and Access to Justice Act, which amended 28 U.S.C. § 1441 to address "the issue of Doe defendants for purposes of diversity jurisdiction and remand." *See Johnson v. Starbucks Corp.*, 475 F. Supp. 3d 1080, 1083 (C.D. Cal. 2020) (discussing the amendment to § 1441 and its consequences). Despite the plain language of the removal statute, the issue of the citizenship of

defendants sued under fictitious names "'remains convoluted and unsettled', due in large part to exceptions created by the Ninth Circuit." *Id.* (quoting *Goldsmith v. CVS Pharmacy, Inc.*, 2020 WL 1650750, at *3 (E.D. Cal. 2015)) Some sister courts in California have determined that the language of § 1441 is preclusive, meaning that disregarding the citizenship of Doe defendants in actions such as this one requires resolving this motion in favor of the defendants. *See Goldsmith*, 2020 WL 1650750, at *3. However, at least two other courts have found that if "Plaintiff's allegations concerning the Doe Defendants provide a reasonable indication of their identity, the relationship to the action, and their diversity-destroying citizenship, then the Court lacks diversity jurisdiction." *See Robinson v. Lowe's Home Centers, LLC*, 2015 WL 13236883, at *3 (E.D. Cal. Nov. 13, 2015) (citing *Gardiner Family, LLC v. Crimson Res. Mgmt. Corp.*, 147 F. Supp. 3d 1029, 1036 (E.D. Cal.2015)); *see also Johnson*, 475 F. Supp. 3d at 1084 (finding that the specificity of allegations identifying the Doe defendants demonstrated that they were not fictious, but rather known parties whose citizenship should not be disregarded). These courts differentiate between "fictitious" Does contemplated by § 1441 and real party Does that require greater scrutiny. *Johnson*, 475 F. Supp. 3d at 1084 (citing *Gardiner Family*, 147 F. Supp. 3d at 1036); *see also Sandoval v. Republic Servs., Inc.*, 2018 WL 1989528, at *3-4 (C.D. Cal. Apr. 24, 2018) ("[W]hen a plaintiff's allegations give a definite clue about the identity of the fictitious defendant...the court *should* consider the citizenship of the fictitious defendant." (emphasis in original)).

In a recent decision out of the Central District of California, the district court discussed the importance of considering whether an action was initially filed in federal court or removed thereto. *Garcia v. Walmart*, 2022 WL 796197, at *2 (C.D. Cal. Mar. 16, 2022). The *Garcia* court discussed the policy concerns regarding hauling a plaintiff into federal court by defendants who could be pleading ignorance regarding a defendant-employee's identity and citizenship "when [defendant] was in a position to know that information." *Garcia.*, 2022 WL 796197, at *2 (C.D.

4

Cal. Mar. 16, 2022) (citing *Collins v. Garfield Beach CVS, LLC*, 2017 WL 2734708, at *3 (C.D. Cal. June 26, 2017). In *Garcia*, the court noted that the record before the Court did not indicate whether the defendant (Walmart) was "simply choosing to 'plead ignorance.'" *Id.* The same issue is present in this case.

Defendants, who are in the best position to potentially identify the other Doe defendants, have not done so and claim the complaint is vague. This Court disagrees. Unlike the *Garcia* complaint, which was identified as "ambiguous" and "falling short of giving a 'definite clue' as to the identity of the fictitious defendants," *Garcia* at *2, here the complaint does provide clues regarding the identities of the two out of the three named Doe defendants. *See generally* ECF No. 1, Ex. A. Paragraph 5 of the complaint states that the Doe employee or manager is "a female with tan complexion, shorter than 5' 5", with short dark hair, working at the time of the incident. ECF No. 1, Ex. A at 2, ¶5. The next paragraph identifies the next Doe employee or manager as "a short female of apparent Polynesian descent, with long dark hair, working in the copy center at the time of the incident." *Id.* at ¶6. The third Doe defendant is identified as a "male, assigned to greet customers at the door at the time of the incident." *Id.* at ¶7. In comparison, the *Garcia* complaint only identified the Doe Manager and Doe Employee as employees "of Defendant Walmart ... acting in the course and scope of that employment" when the incident occurred. *Garcia*, 2022 WL 796197, at *3.

Plaintiffs in this action have not moved to substitute the Doe defendants with real parties. At the same time, based on the information before the court, no information regarding the identity of the Doe defendants has been provided to Plaintiffs. The complaint appears to contain sufficient information about the Doe Office Depot employees to allow the defendants to identify them. The lack of identification results in an ambiguity regarding whether the Doe

defendants would, in fact, defeat diversity. Finally, defendants did not argue or advance any other reason for this court to find removal was proper.

Consequently, given the "strong presumption" against removal jurisdiction, I find that the defendant has not carried the heavy burden of establishing that removal is proper in this action. *Nishimoto v. Federman–Bachrach & Assocs.*, 903 F.2d 709, 712 n. 3 (9th Cir. 1990); *Emrich v. Touche Ross & Co.*, 846 F.2d 1190, 1195 (9th Cir. 1988). Because "the court resolves all ambiguity in favor of remand to state court," *Gaus*, 980 F.2d at 566, (9th Cir.1992), Plaintiff's Motion to Remand to State Court is hereby granted.

### III.    Conclusion

For the reasons set forth in this Order,

IT IS HEREBY ORDERED that the motion to remand (ECF No. 8) is GRANTED.

IT IS FURTHER ORDERED that this case is dismissed without prejudice.

The Clerk of Court is directed to close the case.

DATED this 6th day of July, 2022.

_____
Cristina D. Silva
United States District Judge

6